UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRISTINA ULLOA a/k/a CHRISTINA MENDOZA,

                Plaintiff,

-against-

TAKATA CORPORATION, TK HOLDINGS INC., NISSAN MOTOR COMPANY, LTD., NISSAN NORTH AMERICA, INC.,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/30/17
```

16 Civ. 6225 (KMW) (BCM)

**OPINION & ORDER**

KIMBA M. WOOD, District Judge:

    Plaintiff Cristina Ulloa, also known as Christina Mendoza, brings this action asserting claims for negligence and strict liability due to product design defect and failure to warn, against Takata Corporation and TK Holdings, Inc. (collectively "Takata") and Nissan Motor Company, Ltd. and Nissan North America, Inc. (collectively "Nissan"). Plaintiff alleges that a faulty airbag caused Plaintiff's injuries in a June 29, 2013 car accident. Defendants move to dismiss under Rule 12(b)(6) or, in the alternative, seek a more definite statement of Plaintiff's claims under Rule 12(e). For the reasons stated below, Defendants' 12(b) motion is GRANTED in part and DENIED in part, and Defendants' 12(e) motion is GRANTED.

## I. BACKGROUND[1]

    On June 29, 2013, Plaintiff was in the passenger seat of a car when it was involved in an accident. Compl. ¶ 17, ECF No. 1-1. As a result of the accident, Plaintiff became "sick, sore, lame and disabled" and suffered "great mental and physical pain, mental anguish and bodily injuries." *Id.* ¶ 29. These injuries were caused by "the defective inflator incorporated into the airbag safety system." *Id.* ¶ 8. Takata manufactured the defective passenger-side airbag, *id.* ¶ 4;

---

[1] The following facts are taken from the complaint and are assumed to be true for purposes of Defendants' motion to dismiss. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) ("When considering a motion to dismiss . . . for failure to state a cause of action, a court must accept as true all material factual allegations in the complaint.").

Nissan manufactured the car, *id.* ¶¶ 5-6. The complaint states six causes of action: (1) negligence, gross negligence, and willful and wanton conduct regarding design defect; (2) strict liability in tort; (3) failure to warn; (4) breach of implied warranties; (5) damages; and (6) punitive damages.

The complaint includes imprecise or contradictory statements on two essential facts. First, the complaint is inconsistent about whether the vehicle involved in the accident has been the subject of a recall. *Compare id.* ¶ 7 ("[Nissan has] recalled millions of Nissan vehicles for having faulty Takata airbags, including the [v]ehicle at issue in this complaint."), *with id.* ¶ 8 ("[T]here are hundreds if not thousands of vehicles, potentially containing defective Takata airbag inflators, still remaining on the roadways today that Nissan has affirmatively and knowingly failed to recall, including but not limited to the [v]ehicle at issue in the [c]omplaint.").

Second, the complaint is ambiguous about whether the airbag failed to deploy or deployed with excessive force. *Compare id.* ¶ 8 (airbag "failed to properly deploy"), *and id.* ¶ 11 (defects "prevented a normal, safe and expected airbag deployment"), *with id.* ¶ 39(d) (airbag had "excessively energetic propellant, deploying with excessive force[] and/or . . . expelling shrapnel"), *and id.* ¶ 56 (alleging that Defendants failed to inform users of the danger "created by the excessively volatile inflator in the passenger side airbag system or explosive nature of the inflator that could explode with violent and excessively loud force"). Although the complaint alleges that the airbag deployed explosively, Plaintiff's counsel told Defendants' counsel that "[t]he air bags in the subject vehicle never deployed." Ramsey Aff. Ex. C, ECF No. 14.

Finally, the complaint contains a number of paragraphs where typographical errors render the statement ambiguous or unintelligible. *See id.* ¶ 6 ("Nissan North America, Inc. . . . is and

2

was a California and Mexico Containing airbags manufactured by the Takata Defendants."); *id.* ¶ 8 ("[T]he Nissan Defendants are directly responsible for sabra's injuries and damages.").

## II. LEGAL STANDARD

In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015).

Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A 12(e) motion applies only in the limited circumstance where a pleading is "sufficiently intelligible for the district court to make out one or more potentially viable legal theories . . . sufficient to survive a Rule 12(b)(6) motion . . . [but] the pleading [is] also so vague or ambiguous that the opposing party cannot respond to it . . . with a pleading that can be interposed in good faith or without prejudice to himself." *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F. Supp. 2d 439, 443 (S.D.N.Y. 2005) (quoting 5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1376 (3d ed. 2004)).

3

### III. DISCUSSION

In their 12(b)(6) motion, Defendants argue that the inconsistent allegations render the complaint implausible, that Plaintiff's breach of warranty claim is time-barred, and that the separate cause of action for punitive damages should be dismissed. Defs. Mem. 8-10, ECF No. 15. Plaintiff states that she does not oppose Defendants' motion to dismiss as to the breach of warranty and punitive damages causes of action. Pl. Opp. 10, ECF No. 22. "[W]hen a plaintiff fails to address a defendant's arguments on a motion to dismiss a claim, the claim is deemed abandoned, and dismissal is warranted on that ground alone." *Volunteer Fire Ass'n of Tappan, Inc. v. County of Rockland*, No. 09 Civ. 4622, 2010 WL 4968247, at *7 (S.D.N.Y. Nov. 24, 2010). Accordingly, Defendants' motion to dismiss Plaintiff's fourth and sixth causes of action is GRANTED, and the claims are dismissed with prejudice.[2] Plaintiff may, however, seek punitive damages if she pleads and proves facts sufficient to support such a remedy.

Although the complaint pleads contradictory facts, the Court finds the complaint sufficiently intelligible to potentially state viable legal theories. "The New York Court of Appeals has . . . made it clear that 'the [design defect] standards set forth in [*Voss v. Black & Decker Manufacturing Co.*, 450 N.E.2d 204 (N.Y. 1983),] apply to both' strict liability and negligence claims." *Duval v. Delta Int'l Mach. Corp.*, No. 13 Civ. 4270, 2015 WL 4522911, at *3 (S.D.N.Y. July 27, 2015) (first alteration in original) (quoting *Adams v. Genie Indus., Inc.*, 14 N.Y.3d 535, 543 (2010)). To state a design defect claim under either a negligence or strict liability standard, a plaintiff must allege that "(1) the product as designed posed a substantial

---

[2] Furthermore, Defendants arguments appear to have merit. First, the statute of limitations for a breach of warranty claim is four years, N.Y. U.C.C. § 2-725(1), and Defendants submit a letter from Plaintiff's counsel that indicates that the car was sold in 2002, Ramsey Aff. Ex. B. However, the Court is constrained to the pleadings on a Rule 12(b)(6) motion, and excludes material outside material. *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006). Second, "it is hornbook law that there is no stand-alone claim in New York for punitive damages." *Shapira v. Charles Schwab & Co.*, 187 F. Supp. 2d 188, 192 (S.D.N.Y. 2002).

4

likelihood of harm; (2) it was feasible to design the product in a safer manner; and (3) the defective design was a substantial factor in causing plaintiff's injury." *Id.* (quoting *Colon ex rel. Molina v. BIC USA, Inc.*, 199 F. Supp. 2d 53, 83 (S.D.N.Y. 2001)). A failure to warn claim focuses on the "obviousness of risk from actual use of product, [the] knowledge of the particular user, and proximate cause." *Colon*, 199 F. Supp. 2d at 85. Defendants do not specifically argue that the complaint fails to state a claim for these three causes of action. Despite the complaint's contradictions, Plaintiff has alleged facts that, taken as true, may state viable claims: the airbag system was "unreasonably dangerous as to its design," Compl. ¶ 44; Defendants failed to take reasonable steps to design, manufacture, test, and assemble the dangerous airbags, *id.* ¶ 38-39; Defendants were "aware of feasible alternative designs which would have minimized or eliminated altogether the risk of injury," *id.* ¶ 48; Plaintiff suffered injuries as a direct result of the design defect, *id.* ¶ 51; and Defendants would have no reason to believe that users would appreciate the potential danger, *id.* ¶ 56. That said, the inconsistencies and typographical errors are sufficiently ambiguous to warrant a more definite statement. Accordingly, Defendants' motion to dismiss Plaintiff's first, second, and third causes of action is DENIED without prejudice, and Defendants' motion for a more definite statement is GRANTED.

In justifying the complaint's inconsistencies, Plaintiff misreads Rule 8(d) to allow allegations of contradictory *facts* even though Rule 8 authorizes only allegations of contradictory *claims*. *See* Pl. Opp. 6 (stating "the facts a plaintiff alleges in the complaint may turn out to be self-serving and untrue"). "[A] pleader may assert contradictory statements of fact only when legitimately in doubt about the facts in question." *2004 Stuart Moldaw Trust v. XE L.I.F.E., LLC*, 642 F. Supp. 2d 226, 240 (S.D.N.Y. 2009) (quoting *Am. Int'l Adjustment Co. v. Galvin*, 86 F.3d 1455, 1461 (7th Cir. 1996)). Whether the vehicle at issue was the subject of the recall

should be known to Plaintiff's counsel. "[W]hile Rule 8(d)(2) permits parties to plead inconsistent factual allegations, an alternative pleading is nonetheless subject to the terms of Rule 11." *Id.* Rule 11 states that "[b]y presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). Plaintiff's counsel is reminded of his duty under Rule 11 and cautioned that he and his client may face sanctions if future filings violate the rule.

## IV. CONCLUSION

For the reasons set forth above, Defendants' 12(b) motion is GRANTED in part and DENIED without prejudice in part, and Defendants' 12(e) motion is GRANTED. Plaintiff is hereby ORDERED to file an amended complaint by **April 13, 2017**.

The Clerk of Court is directed to terminate the motion at ECF No. 13.

SO ORDERED.

Dated: March 30, 2017
New York, New York

　　　　　　　　　　　　　　　　　　　　　　／s／ Kimba M. Wood
　　　　　　　　　　　　　　　　　　　　　　KIMBA M. WOOD
　　　　　　　　　　　　　　　　　　　　　　United States District Judge